## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**KOREY B. GOTTMAN**                                                       **PLAINTIFF**

**v.**                                                  **CAUSE NO. 1:23-cv-335-LG-BWR**

**HARRISON CO. ADULT DETENTION CENTER, et al.**           **DEFENDANTS**

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte.* *Pro se* Plaintiff
Korey B. Gottman brings this Complaint under 42 U.S.C. § 1983, alleging various
constitutional violations arising from his arrest and imprisonment.

On February 9, 2024, Gottman was ordered to file a written response on or
before February 23, 2024, to answer questions that would aid the Court in screening
his claims under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq.* (Order
at 1-4, ECF No. 12). This Order warned Gottman that "[f]ailure to advise the Court
of a change of address or failure to timely comply with any order of the Court . . .
may result in this lawsuit being dismissed without prejudice and without further
notice." (*Id.* at 4). This Order was mailed to Gottman at his last-known mailing
address, and it was not returned by the postal service as undeliverable. Gottman
did not timely comply with the Court's Order, nor did he notify the Court about a
change of address.

On March 1, 2024, the Court ordered Gottman to show cause why this case
should not be dismissed for his failure to comply with the Court's Order. (Order to
Show Cause, ECF No. 13). He was given until March 15, 2024, to comply with the

Court's Order, and he was warned again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . will result in this lawsuit being dismissed without prejudice and without further notice to him." (*Id.* at 2). The Order to Show Cause, with a copy of the February 9 Order, was mailed to Gottman at his last-known mailing address, and it was not returned by the postal service as undeliverable. Gottman did not timely comply with the Order to Show Cause, nor did he notify the Court about a change of address.

The Court entered a Second and Final Order to Show Cause on March 22, 2024. The Court extended Gottman's responsive deadline to April 5, 2024, and warned him again "[t]hat failure to timely comply with the requirements of this Order or to advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." (Second and Final Order to Show Cause at 2, ECF No. 14 (emphasis in original)). Gottman was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.*). The Second and Final Order to Show Cause, with a copy of the March 1 and February 9 Orders, was mailed to Gottman at his last-known mailing address, and it was not returned by the postal service as undeliverable. Gottman did not timely comply with the Second and Final Order to Show Cause, nor did he notify the Court about a change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962);

*see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Gottman did not comply with three Court Orders, after being warned eight times that failing to do so may lead to the dismissal of this case. (Order at 2, ECF No. 3; Order at 2, ECF No. 4; Order Granting Extension of Time Within Which to Respond at 2, ECF No. 8; Order to Show Cause at 3, ECF No. 9; Order Setting Payment Schedule at 3, ECF No. 11; Order Requiring Plaintiff to Respond at 4, ECF No. 12; Order to Show Cause at 2, ECF No. 13; Second and Final Order to Show Cause at 2, ECF No. 14). Despite these warnings, Gottman has not contacted the Court or taken any action in this case since February 5, 2024. (Authorization, ECF No. 10).

Given his clear record of delay and contumacious conduct, it is apparent that Gottman no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted. *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's

order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is

**DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of April, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

4